**Notra TRULOCK, III, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, et al., Defendants.**

**No. CIV.A. 00–2234(EGS).**

United States District Court, District of Columbia.

March 31, 2003.

eral Programs Branch, Washington, DC, for defendants.

Larry Klayman, Judicial Watch, Washington, DC, Paul Orfanedes, Klayman & Associates, PC, Washington, DC, for plaintiff.

### MEMORANDUM OPINION AND ORDER

SULLIVAN, District Judge.

Plaintiff Notra Trulock III served as both the Director of the Office of Intelligence and the Director of the Office of Counterintelligence for the U.S. Department of Energy ("DOE") from 1995 to 1998, during which time he was responsible for managing all intelligence and counterintelligence activities within the DOE and its laboratories. He brings this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, seeking declaratory and injunctive relief requiring three separate federal agencies, the Department of Justice ("DOJ"), the Central Intelligence Agency ("CIA"), and the Department of Energy ("DOE") to provide him with copies of all records in their possession referring or relating to himself.

Presently pending before this Court are defendant Central Intelligence Agency's motion for partial summary judgment and defendant Department of Energy's motion for summary judgment.

### I. STANDARDS OF REVIEW

#### A. *Summary Judgment*

Summary judgment should be granted pursuant to Fed.R.Civ.P. 56 only if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Ca-*

Henry A. Azar, Jr., Mark T. Quinlivan, Esquire, U.S. Department of Justice, Fed-

*trett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In ruling upon a motion for summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Bayer v. United States Dep't of Treasury,* 956 F.2d 330, 333 (D.C.Cir.1992).

 In a suit brought to compel production pursuant to FOIA, an agency is entitled to summary judgment "if no material facts are in dispute and if it demonstrates 'that each document that falls within the class requested either has been produced . . . or is wholly exempt from the Act's inspection requirements.'" *Students Against Genocide v. U.S. Dep't of State,* 257 F.3d 828, 833 (D.C.Cir.2001) (quoting *Goland v. CIA,* 607 F.2d 339, 352 (D.C.Cir. 1978)); *see Billington v. United States Dep't of Justice,* 233 F.3d 581, 583–84 (D.C.Cir.2000). On the other hand, summary judgment is appropriate for a FOIA plaintiff when the requested material, "even on the agency's version of the facts, falls outside the proffered exemption." *Petroleum Inf. Corp. v. United States Dep't of Interior,* 976 F.2d 1429, 1433 (D.C.Cir.1992).

 Under FOIA, the court reviews the agency's decision to withhold records under one of the statute's nine exemptions *de novo. Dep't of Justice v. Reporters' Comm. for Freedom of the Press,* 489 U.S. 749, 755, 109 S.Ct. 1468, 1472, 103 L.Ed.2d 774 (1989). The withholding agency bears the burden of establishing that the withheld information qualifies for a statutory exemption from disclosure. *See id.* at 754–55, 109 S.Ct. 1468 ("the FOIA expressly places the burden 'on the agency to sustain its action' and directs the district courts to 'determine the matter de novo.'") (quoting 5 U.S.C. § 552(a)(3)). That burden may

be satisfied through submission of an agency declaration describing the material withheld with reasonable specificity, as well as the reasons for non-disclosure, and, if necessary, a *Vaughn* index. *Vaughn v. Rosen,* 484 F.2d 820, 826–28 (D.C.Cir. 1973). When reviewing a motion for summary judgment under FOIA, the Court must view facts in the light most favorable to the party requesting information from the agency. *Weisberg v. United States Dep't of Justice,* 745 F.2d 1476, 1485 (D.C.Cir.1984).

### B. *FOIA Standards*

The D.C. Circuit has described the overall purpose and framework of the FOIA as follows:

> The Freedom of Information Act was conceived in an effort to permit access by the citizenry to most forms of government records. In essence, the Act provides that all documents are available to the public unless specifically exempted by the Act itself. This court has repeatedly stated that these exemptions from disclosure must be construed narrowly, in such a way as to provide maximum access consonant with the overall purpose of the Act.

*Vaughn v. Rosen,* 484 F.2d 820, 823 (D.C.Cir.1973). Accordingly, plaintiff's claims and defendants' motions must be viewed in light of the statutory presumption of, and "overwhelming emphasis" on, disclosure. *Id.*

### II. CIA MOTION FOR PARTIAL SUMMARY JUDGMENT

 On July 25 and 28, 2000, plaintiff submitted a request, pursuant to the Freedom of Information Act ("FOIA"), for all records in the CIA's possession referring or relating to him. On August 2, 2000, the CIA acknowledged plaintiff's requests, denied his request for expedited processing,

waived customary processing fees, and informed him that, due to its heavy backlog of requests, it would be unable to process his request within 20 days as required by FOIA. Plaintiff commenced this action on September 18, 2000 in an effort to compel the CIA to produce all records responsive to his FOIA request.

Since that date, the CIA located a total of 488 documents responsive to plaintiff's request. (McNair Decl. ¶ 11). By letter to plaintiff's counsel dated February 22, 2002, 26 records were released in their entirety and 120 redacted records were released in part. *Id.* ¶ 13 and Ex. 1. The CIA has subsequently indicated its intention to release one additional record in full and 6 additional redacted records. Def.'s Mot. at 3. One hundred and twenty one records containing information originating from one of 13 other agencies were sent to those agencies for coordination. *Id.* ¶¶ 12, 13. Thirty six records originating with other agencies were referred to those agencies for review and direct response to plaintiff. *Id.* ¶ 12. The CIA does not seek summary judgment with respect to these latter two categories of records, for which review remains pending at other agencies. Def.'s Mot. at 1 n. 1. The CIA asserts, and plaintiff does not dispute, that it conducted an adequate search under the Act.

Defendant CIA seeks to withhold documents in full or in part pursuant to five of the nine statutory exceptions set forth by the FOIA: 5 U.S.C. §§ 552(b)(1) (National Security Information), (b)(2) (Internal Agency Procedures), (b)(3) (Material Exempted by Statute), (b)(5) (Civil Discovery Privileges) and (b)(6) (Personal Privacy). Plaintiff challenges the CIA's withholding of 178 responsive documents in their entirety, a total of 629 pages, as well as the redactions made to the 126 documents disclosed in part, totaling 241 pages, on the grounds that the CIA has failed to demonstrate as a matter of law that the criteria governing the FOIA exemptions it claims are met. Pl.'s Opp'n at 2.

The Court is indeed persuaded that the CIA has not provided sufficient information through affidavits and descriptions of the documents fully and partially withheld to permit the Court to rule on the CIA's claims of statutory exemptions. *See King v. United States Dep't of Justice*, 830 F.2d 210, 217 (D.C.Cir.1987); *Students Against Genocide v. Dept. of State*, Civil Action No. 96–667, 1998 WL 699074, *9, U.S. Dist. LEXIS 23088, *28 (D.D.C. August 24, 1998). Accordingly, the Court shall direct defendant CIA to submit all documents withheld in whole or in part for *in camera* review, to enable the Court to ascertain whether the claimed exemptions apply. *See* 5 U.S.C. 552(a)(4)(B); *Quinon v. FBI*, 86 F.3d 1222, 1228 (D.C.Cir.1996) ("we have repeatedly noted that *in camera* review may be particularly appropriate when ... the agency affidavits are insufficiently detailed to permit meaningful review of exemption claims").

## III. DOE MOTION FOR SUMMARY JUDGMENT

Plaintiff alleges that on July 25, 2000, he filed a FOIA request with DOE, asking for "any and all documents, including but not limited to files, that refer or relate in any way to Notra Trulock, III." On August 14, 2000, DOE sent plaintiff a letter requesting that he identify the records sought with greater specificity. Plaintiff responded on August 25, 2000, with a supplemental request narrowing not the subject matter but the location of his request to particular offices. As of September 18, 2000, the date this action was filed, plaintiff alleges that he had not received a substantive response from DOE. Count I of plaintiff's complaint requests that DOE, among other defendants, be compelled to release the

records requested under FOIA, 5 U.S.C. § 552.

DOE did not respond to plaintiff's August 25, 2000 supplemental request until October 2001, at which time it further restricted the scope of the request and estimated that fulfillment of the newly narrowed request would cost $98,231.95. Additionally, DOE notified plaintiff that unless the criteria for a fee waiver were satisfied, he would have to assure DOE that he would pay the entire estimated processing costs before DOE would proceed with the request.

On October 29, 2001, the non-profit organization Judicial Watch filed a request for a blanket fee waiver on plaintiff's behalf, asserting that it was a member of the news media, and was therefore entitled to a fee waiver under governing regulations. On December 4, 2001 DOE rejected the request for blanket fee waiver on the grounds that the FOIA request had been made by plaintiff, not Judicial Watch, and therefore did not qualify as a news media request. At that time, DOE reiterated that unless plaintiff made a commitment to pay the estimated cost of compliance with his request on or before December 14, 2001, DOE would take no further action on it, and notified plaintiff of his right to an administrative appeal of its denial of a fee waiver.

A. *FOIA Claim*

 The central question posed by plaintiff's claim relating to his FOIA request to the DOE is whether he has exhausted his administrative remedies as required by the Act and attendant regulations. DOE argues that plaintiff has failed to do so because he neither appealed the DOE's denial of his request for a fee waiver nor paid the estimated fee for his request. Accordingly, DOE submits that it cannot be compelled by this Court to comply with plaintiff's FOIA request because it is lawfully withholding responsive documents based on plaintiff's failure to pay the estimated fees.

Plaintiff counters that DOE's failure to respond at all to his August 25, 2000 FOIA request within 10 days resulted in "constructive exhaustion" of administrative remedies, thus entitling him to maintain this suit. In so doing, he fails to address the controlling regulations and case law which provide that a plaintiff must either 1) indicate in advance his willingness to pay a fee higher than $25, or 2) await notification of the anticipated cost and then either a) agree to pay it or b) apply for a fee waiver, and if this latter request is denied, exhaust administrative remedies with respect to this denial before proceeding to court. Instead, plaintiff focuses his opposition to DOE's motion to dismiss on his substantive entitlement to a fee waiver, which this court is not free to address until it is established that plaintiff has exhausted his administrative remedies with respect to this issue.

Under applicable regulations, where it is anticipated that fees chargeable to persons making requests under FOIA will amount to more than $25 and the requester has not indicated in advance his willingness to pay a higher fee, the requester is to be notified of the amount of the anticipated cost. 28 C.F.R. § 16.11(e). In such cases, "the request shall not be considered received and further work shall not be done on it until the requester agrees to pay the anticipated total fee." *Id.* As a result, plaintiff's claim of "constructive exhaustion" must fail.

This Circuit has recently reaffirmed that judicial review of an agency's denial of a fee waiver request cannot be sought until a plaintiff appeals the denial or pays the assessed fee. *Pruitt v. Executive Office for the United States,* Civ. A. No. 01–5453,

‌‌ ‌‌‌ ‌ ‌ ‌‌‌ ‌‌

‌‌‌‌‌‌‌‌‌

2002 WL 1364365 (D.C.Cir. April 19, 2002). On facts virtually identical to those in this case, the Circuit has also held that "[e]xhaustion does not occur until the required fees are paid or an appeal is taken from the refusal to waive fees." *Oglesby v. Department of the Army*, 920 F.2d 57 (D.C.Cir.1990); *see also Trueblood v. Dep't of Treasury*, 943 F.Supp. 64, 68 (D.D.C. 1996). Accordingly, DOE's motion for summary judgment is appropriately granted on Count I of plaintiff's Complaint.

### B. *Privacy Act Claim*

Count II of plaintiff's Complaint seeks to compel release of records requested by plaintiff under the Privacy Act. Both parties agree that DOE released all relevant records in its possession. It is also undisputed that DOE located "a few" records originating from four other agencies, and referred plaintiff's Privacy Act request and those documents to the appropriate agencies for handling. DOE submits that all of the agencies to which relevant documents were referred had, as of the date its motion for summary judgment was filed, responded directly to the plaintiff. Only two documents were withheld by the CIA, which is also a defendant in this action. Accordingly, DOE submits that Count II can now be dismissed as to DOE, because the CIA can defend its actions with respect to the outstanding documents within the scope of plaintiff's Privacy Act request. Plaintiff does not contradict any of these assertions, and simply reserves the right to challenge the withholding of the remaining documents in its opposition to the CIA's motion for summary judgment. Accordingly, summary judgment in favor of DOE with respect to Count II is appropriate.

### IV. CONCLUSION

Upon careful consideration of defendants' motions, the responses and replies thereto, the governing statutory and case law, and for the reasons set forth herein, it is by the Court hereby

**ORDERED** that defendant CIA's motion for partial summary judgment [36–1] is **DENIED WITHOUT PREJUDICE**; and it is

**FURTHER ORDERED** that the CIA is hereby directed to deliver copies of documents withheld in whole or in part directly to the Chambers of the undersigned Judge by no later April 30, 2003; and it is

**FURTHER ORDERED** that defendant DOE's motion for summary judgment is hereby **GRANTED**.